IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA ENRIQUEZ, on her own behalf and on behalf of THE ESTATE OF ALEJANDRO ENRIQUEZ, <br><br> Plaintiff, <br><br> vs. <br><br> DEPARTMENT OF CORRECTIONS, et al., <br><br> Defendant. | No. CV-F-04-6387 OWW/SMS <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR FAILURE TO COMPLY WITH DISCOVERY ORDER (Doc. 39) AND DIRECTING DEFENDANTS TO LODGE PROPOSED JUDGMENT |

On January 21, 2005, plaintiff, then represented by counsel, filed a First Amended Complaint on her own behalf and on behalf of the Estate of Alejandro Enriquez, alleging that her son, Alejandro, died as a result of excessive force while an inmate at Pleasant Valley State Prison (PVSP).  Plaintiff alleges that prison officials failed to train, supervise, and discipline custodial staff regarding the use of force and that custodial staff unnecessarily used deadly force to restrain Alejandro during a prison riot.  Defendants are Edward Alamedia, Jr. in his individual capacity as former Director of the California Department of Corrections and James A. Yates in his individual capacity as Warden of PVSP.

1

1    By the Scheduling Order filed on November 9, 2005, non-
2  expert discovery was to be completed by April 28, 2006.
3  Defendants noticed plaintiff's deposition for March 1, 2006.
4  Plaintiff's deposition was re-noticed for March 20, 2006.
5  Neither plaintiff nor her attorney appeared for the deposition
6  because plaintiff's counsel could not get in touch with
7  plaintiff.  Counsel for plaintiff, Mr. Steven Collette, filed a
8  motion to withdraw on March 24, 2006 on the ground that plaintiff
9  was unable to pay costs incurred in litigating this action
10  pursuant to the fee arrangement between Mr. Collette and
11  plaintiff.  The motion to withdraw was granted by Order filed on
12  April 19, 2006.  The April 19, 2006 Order specifically advised
13  plaintiff:

14          Plaintiff is ... advised that regardless of
              whether or not Plaintiff is represented by
15          counsel, Plaintiff will be expected to comply
              with orders of the Court, including all
16          deadlines set in the Court's order of
              November 9, 2005 ....
17
              A failure to comply with an order of the
18          Court may result in a recommendation that the
              action be dismissed or in other sanctions.
19          Local Rule 11-110.

20  On April 27, 2006, defendants moved for an order extending the
21  non-expert discovery deadline to permit the taking of plaintiff's
22  deposition and requiring that plaintiff appear and participate in
23  a deposition by July 14, 2006.  No opposition to this motion was
24  filed by plaintiff and plaintiff made no appearance at the
25  hearing on the motion.  Defendants' motion was granted by Order
26  filed on June 6, 2006.  In addition, the June 6, 2006 Order

                                2

provided:

> [A]s a result of Plaintiff's failure to
> appear at her properly noticed deposition on
> March 20, 2006, Plaintiff is ordered to pay
> sanctions in the amount of $636.50.
> Plaintiff is also informed by this order that
> her failure to appear or participate in the
> next scheduled deposition may result in
> additional sanctions, including dismissal of
> this case.

This Order was served on plaintiff by mail on June 6, 2006.

Plaintiff's deposition was noticed for July 10, 2006.  The Second Amended Notice of Taking Deposition specifically stated: "The failure of Plaintiff, ANGELA ENRIQUEZ, to attend and cooperate in this deposition may result in court-ordered sanctions which can include expenses of Defendants' counsel or dismissal of this action ...."  According to the Declaration of James M. Sobolewski, counsel for defendants, the Second Amended Notice of Taking Deposition and another copy of the June 6, 2006 Order were served on plaintiff by mail on June 19, 2006.  In addition, by letter dated June 19, 2006, Mr. Sobolewski advised plaintiff: "If you fail to appear at your scheduled deposition, please be advised that I will immediately file a motion requesting the court dismiss your lawsuit with prejudice due to your refusal to submit to a deposition and comply with the attached court order [the June 6, 2006 Order]".  Mr. Sobolewski also requested that plaintiff send a check to his office in the amount of $636.50.  Mr. Sobolewski avers:

> 6.  On Friday, July 7, 2006, I received a
> voice mail from 'Ibeth'.  I returned the call
> to the requested telephone number during the

afternoon and spoke with Ibeth.  Ibeth
explained that she was niece of Angela
Enriquez, and indicated that her aunt had
received my correspondence of June 19, 2006.
I advised Ibeth that Enriquez's attendance at
the deposition on July 10, 2006, was
mandatory, and that the failure to Enriquez
to appear would result in a motion to dismiss
the complaint.  Ibeth confirmed that her aunt
(Enriquez) would be present for the
deposition.

7.  Enriquez did not appear for her scheduled
deposition on July 10, 2006.  I did not
receive any communication from her on that
date regarding the deposition or requesting a
continuance.

8.  I have not received any communication
from Enriquez or a representative or family
member of hers since July 10, 2006, regarding
the scheduled deposition or this litigation.

Defendants move for dismissal of this action as a sanction.
Even though the docket establishes that plaintiff was properly
served, plaintiff did not file a written opposition to
defendants' motion within the time required by Rule 78-230(c),
Local Rules of Practice and did not appear at oral argument on
October 30, 2006.

Rule 37(b)(2), Federal Rules of Civil Procedure, provides in
pertinent part:

If a party ... fails to obey an order to
provide or permit discovery ..., the court in
which the action is pending may make such
orders in regard to the failure as are just,
and among others, the following:

...

(C) An order ... dismissing the
action or proceeding or any part thereof ....

In lieu of any of the foregoing orders or in

4

addition thereto, the court shall require the party failing to obey the order ... to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

"Where the drastic sanction[] of dismissal ... [is] imposed, ... the range of discretion is narrowed and the losing party's noncompliance must be due to willfulness, fault, or bad faith." *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir.1997).

Before dismissing a case for noncompliance with court-ordered discovery under Rule 37, the district court must weigh the following five factors:

(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Id.* "'Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive.'" *Id.*

Rule 41(b), Federal Rules of Civil Procedure, provides for dismissal of an action "[f]or failure of the plaintiff ... to comply with ... any order of court ...."  The standards governing dismissal under Rule 41(b) are basically the same as those applicable to Rule 37(b)(2).  *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.1987).

5

1    The first, second and fourth factors, the public's interest

2  in expeditious resolution of litigation, the court's need to

3  manage its dockets, and the public policy favoring disposition of

4  cases on their merits, weigh in favor of dismissal.  Plaintiff

5  has repeatedly and willfully failed to participate in a properly

6  noticed deposition.  Her failure to do so, coupled with the

7  absence of any opposition to this motion, demonstrates her

8  abandonment of this action.

9    The third factor is the risk of prejudice to the defendants

10 because of plaintiff's repeated failure to appear for her noticed

11 deposition.  This factor weighs in favor of dismissal.  Plaintiff

12 seeks damages on her own behalf as well as on behalf of her son's

13 estate, including damages for wrongful death.  Plaintiff's

14 deposition is necessary to inquire into the relationship that

15 forms the basis for damages resulting from the loss of comfort,

16 society and affection of her son.  Plaintiff's deposition is

17 necessary to obtain information regarding other potential

18 claimants and funeral and burial expenses.  Defendants have

19 retained consultants to evaluate plaintiff's damages claims which

20 cannot be performed until plaintiff provides information

21 concerning those claims.  Furthermore, defendants cannot proceed

22 with expert discovery or obtain an expert's report for production

23 in the absence of plaintiff's deposition.  Questions regarding

24 the factual basis for the allegations of wrongdoing in the First

25 Amended Complaint must be explored at plaintiff's deposition in

26 order to provide defendants' counsel with information necessary

1  to analyze the strength of plaintiff's claims and evaluate the

2  need for further proceedings.  Finally, the delay in prosecuting

3  this action prejudices defendants.  The events underlying

4  plaintiff's claims occurred approximately three years ago and

5  this action was filed almost two years ago.  Defendants face the

6  risk of fading memories and loss of evidence because of

7  plaintiff's failure to comply with the court orders and prosecute

8  this action.

9       The fifth factor, the availability and adequacy of less

10  drastic sanctions, weighs in favor of dismissal.  Plaintiff has

11  already been sanctioned monetarily for her initial failure to

12  appear at the noticed deposition.  Nonetheless, plaintiff failed

13  to appear at the re-noticed deposition despite warnings from the

14  Magistrate Judge and defendants' counsel that dismissal of this

15  action was a possible sanction for her continued noncompliance.

16  Although no contention is made by defendants that plaintiff

17  failed to pay the $636.50 monetary sanction, Mr. Collette

18  withdrew as plaintiff's counsel because plaintiff was unable to

19  pay the costs of litigation pursuant to their fee arrangement

20       All five factors weigh in favor of dismissal as a sanction.

21  The record set forth above demonstrates that plaintiff's

22  continued failure to participate in her deposition

23  notwithstanding repeated warnings of additional sanctions is

24  deliberate and willful.

25       ACCORDINGLY, as set forth above:

26       1.  Defendants' motion to dismiss this action for failure to

1  comply with a discovery order is GRANTED and this action is

2  DISMISSED.

3       2.   Defendants' counsel is ordered to lodge a proposed

4  Judgment within five days of service of this Order.

5  IT IS SO ORDERED.

6  **Dated:    October 30, 2006**          _____/s/ Oliver W. Wanger_____
   668554                                  UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26